# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MICHAEL SENISCH,<br><br>      Plaintiff,<br><br>      v.<br><br>BCC INVESTMENT PROPERTIES LLC,<br>a Delaware limited liability company,<br>W. ROBERT COMEGYS, and<br>JOSEPH M. JANCUSKA,<br><br>      Defendants. | )<br>)<br>)<br>) C.A. No. N21C-11-197 FWW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: January 19, 2022
Decided: January 20, 2022

*Upon Defendant W. Robert Comegys' Motion to Dismiss*
**GRANTED.**

## <u>ORDER</u>

Josiah R. Wolcott, Esquire, CONNOLLY GALLAGHER LLP, 267 East Main Street, Newark, DE, 19711, Attorney for Plaintiff Michael Senisch.

Victoria K. Petrone, Esquire, BAIRD MANDALAS BROCKSTEDT LLC, Little Falls Center One, 2711 Centerville Road, Suite 401, Wilmington, DE, 19808, Attorney for Defendants BCC Investment Properties LLC and W. Robert Comegys.

Joseph M. Jancuska, 13 Farm Avenue, Wilmington, DE 19810, *pro se.*

**WHARTON, J.**

This 20th day of January 2022, upon consideration of the Defendant W. Robert Comegys' ("Comegys") Motion to Dismiss[1] and the Response in Opposition of Plaintiff Michael C. Senisch ("Senisch"),[2] it appears to the Court that:

1. Senisch brought this action alleging breach of the Sellers's Disclosure executed in connection with the sale of certain real property by BCC Investment Properties LLC ("BCC") to Senisch. The five-count complaint alleges Breach of Contract against BCC (Count I), Fraud against BCC and Comegys (Count II), Fraudulent Misrepresentation against BCC and Comegys (Count III), Negligent Construction against BCC, Comegys and Joseph M. Jancuska ("Jancuska") (Count IV), and Trespass against BCC, Comegys, and Jancuska (Count V).[3]

2. Comegys seeks dismissal of the four counts in which he is named.[4] Specifically, as to Counts II and III alleging fraud and fraudulent misrepresentation respectively, Comegys argues that Senisch has failed to plead all of the elements of those claims, and, to the extent the missing elements are pled inferentially, they lack the particularity required by Superior Court Civil Rule 9(b).[5] As to Count IV

---

[1] Def.'s Mot. to Dismiss, D.I. 8.
[2] Pl.'s Resp. in Opp., D.I. 11.
[3] Compl., D.I. 1.
[4] Def.'s Mot. to Dismiss, D.I. 8.
[5] *Id.*, at 3-6.

alleging Negligent Construction, and Count V Trespass, Comegys asserts that Senisch has failed to plead any facts showing personal involvement by him.[6]

3.     In response, Senisch concedes that it is unlikely that he can maintain a fraud claim against Comegys for the written disclosures made by BCC.[7]  But, he suggests that a fraud claim will lie for conditions existing outside of the disclosures about which Comegys knew and should have advised Senisch.[8]  In the event the Court determines the fraud claims lack sufficient particularity, he seeks leave to amend the Complaint.[9]  Regarding the remaining two counts, Senisch suggests that there are insufficient known facts to determine Comegys' role in the construction going on in the property adjoining the property Senisch purchased to absolve Comegys of liability.[10]  Nonetheless, Senisch maintains that the pleaded facts, when taken as true, are sufficient to state a claim that Comegys was personally involved in the construction activities to establish his liability.[11]  Again, Senisch asks for leave to amend the Complaint if the Court has a different view.[12]

4.     A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any

---

[6] *Id.,* 6.
[7] Pl.'s Resp. in Opp., at ₱ 1, D.I. 11.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

reasonably conceivable set of circumstances susceptible of proof under the complaint."[13] The Court's review is limited to the well-pled allegations in the complaint.[14] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[15] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[16]

5.       To prevail at trial on a fraud claim, a plaintiff must prove by a preponderance of the evidence that a defendant engaged in fraudulent conduct.[17] "The general elements of common law fraud under Delaware law are: (1) defendant's false representation, usually of fact, (2) made either with knowledge or belief or with reckless indifference to its falsity, (3) with an intent to induce the plaintiff to act or refrain from acting, (4) the plaintiff's action or inaction resulted from a reasonable reliance on the representation, and (5) reliance damaged the [plaintiff]."[18] Additionally, when alleging fraud, "the circumstances constituting fraud shall be stated with particularity."[19]

---

[13] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[14] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[15] *Id.*
[16] *Id.*
[17] *George v. A. C. & S. Co.*, 1988 WL 22365, at *1 (Del. Super. Feb. 16, 1988).
[18] *Browne v. Robb*, 583 A.2d 949, 955 (Del. 1990).
[19] Super. Ct. Civ. R. 9(c).

6. The Court has carefully reviewed the Complaint and agrees with Comegys that Senisch has failed to properly plead all of the elements of fraud in his fraud claims with the particularity required by Rule 9(c). He has not pled the time place and manner of representations made to him by Comegys specifically. Joining Comegys and BCC together and labeling them as the BCC Defendants, as Senisch does in the Complaint, does not adequately identify any fraudulent representations made by Comegys individually. Senisch also fails to allege that he relied on any misrepresentations made by the BCC Defendants, another element of a well pled fraud allegation. The Court also agrees with Comegys that Senisch has failed to allege any facts supporting Comegys' individual involvement in the Negligent Construction and Trespass claims. Again, joining Comegys and BCC together as the BCC Defendants and alleging conduct by the BCC Defendants is insufficient to establish Comegys' individual liability. Accordingly, the Motion to Dismiss is **GRANTED**.

7. Senisch has asked for leave to amend the Complaint in the event the Court grants the Motion to Dismiss. The Court finds Senisch's request to be in the interests of justice and grants him leave to amend the Complaint.

**THEREFORE**, Defendant W. Robert Comegys' Motion to Dismiss is **GRANTED.** Counts II, III, IV and V as to Defendant W. Robert Comegys are **DISMISSED WITHOUT PREJUDICE.**

Plaintiff Michael C. Senisch shall have 30 days from the date of this Order to file an Amended Complaint.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
